# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

GREGORY WAYNE SMITH,        )
                                          )

        Plaintiff,             )
                                          )

v.                                 )      Case No. 4:17-CV-00441-DGK
                                          )

STATE OF MISSOURI, et al.,      )
                                          )

        Defendants.          )

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On June 6, 2017, Plaintiff Gregory Wayne Smith ("Plaintiff") filed this action alleging Defendants[1] failed to take appropriate action after he contacted their office with claims involving utility theft. Now before the Court are Plaintiff's Motions for Default (Docs. 7, 8) and Defendants' Motion to Dismiss (Doc. 9).

Plaintiff served the State of Missouri Consumer Protection Division and Missouri Attorney General Joshua D. Hawley with a copy of his complaint on June 12, 2017.[2] Return of Service at 3 (Doc. 5). On June 28, 2017, Plaintiff filed a "Motion for Default" (Doc. 7) and a "Request for Entry of Default" (Doc. 8), requesting that the Court enter default against Defendants for their failure to timely answer or otherwise plead in response to his complaint. On June 30, 2017, Defendants filed their Motion to Dismiss (Doc. 9). Plaintiff's suggestions in opposition were due on July 14, 2017, and Plaintiff failed to respond. On August 7, 2017, the Court entered a show cause order directing Plaintiff to show cause on or before August 16, 2017,

---

[1] Plaintiff named only the "State of Missouri/Consumer Protection Division" as a defendant in his complaint's caption, Compl. at 1 (Doc. 6), and named "Mr. Joshua D. Hawley, Missouri's Attorney General" as a defendant in the body of his complaint. Compl. ¶ 2.

[2] No date of service is given on the proof of service page, but the "Sheriff's or Server's Return" page indicates the summons was served on "6/12/17." Return of Service at 2-3. Plaintiff's affidavit in support of his motions also indicates Defendants were served on June 12, 2017. Pl.'s Aff. ¶ 7 (Doc. 8-1).

why Defendants' Motion to Dismiss should not be granted or risk having the motion granted as unopposed (Doc. 12).  Plaintiff did not respond.

Under Federal Rule of Civil Procedure 12(a)(1), a defendant must serve an answer within 21 days after being served with the summons and complaint.  "When a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).

Here, Defendants were served with a copy of the summons and Plaintiff's complaint on June 12, 2017, giving them until July 3, 2017, to respond under Rule 12(a)(1)(A).  Defendants filed a responsive pleading on June 30, 2017, three days before the deadline.  Because Defendants have not "failed to plead or otherwise defend," the Court cannot enter a default against them.  Accordingly, Plaintiff's "Motion for Default" (Doc. 7) and "Request for Entry of Default" (Doc. 8) are DENIED.

Further, because Plaintiff has not responded to Defendants' Motion to Dismiss (Doc. 9), the motion is GRANTED as unopposed.  This matter is DISMISSED.

**IT IS SO ORDERED.**

Dated:  <u>August 30, 2017</u>                                    <u>/s/ Greg Kays</u>
                                                          GREG KAYS, CHIEF JUDGE
                                                          UNITED STATES DISTRICT COURT